# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **COREY D. MILLMAN,** | : |
| Plaintiff, | : |
| vs. | : CASE NO.: 8:22-cv-00139-WFJ-JSS |
| **OUTBACK STEAKHOUSE OF FLORIDA, LLC, and OSI RESTAURANT PARTNERS, LLC,** | : |
| Defendants. | : |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, OUTBACK STEAKHOUSE OF FLORIDA, LLC and OSI RESTAURANT PARTNERS, LLC ("Defendants") by and through their attorneys, Jackson Lewis P.C., and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answer the correspondingly numbered paragraphs of the Complaint of Plaintiff, Corey Millman ("Plaintiff"), dated October 14, 2021, and assert defenses as indicated below. Any allegations not expressly admitted herein are hereby denied.

1. Defendants admit that Plaintiff was the Managing Partner of the Wilton Outback restaurant. Defendants lack knowledge sufficient to form a belief

as to the remaining allegations in Paragraph No. 1, and therefore, leave Plaintiff to his proof.

2. Defendants deny that "Outback told him that it had launched an investigation into his restaurant" "just as he was ready to return from his protected leave under the Family and Medical Leave Act." Defendants lack knowledge sufficient to form a belief as to the remaining allegations in Paragraph No. 2, and therefore, leave Plaintiff to his proof.

3. Defendants admit that OS Restaurant Services, Inc. terminated Plaintiff's employment on June 4, 2020. Defendants deny the remaining allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Paragraph 5 does not contain any allegations against Defendants, and therefore, no response is required. To the extent that a response is required, Defendants admit that Plaintiff purports to bring the stated claims. Defendants, however, deny any violation of law or that Plaintiff is entitled to the relief he seeks.

6. Defendants deny that Plaintiff is entitled to a jury trial and deny that Plaintiff will be able to present any issue triable by jury as he waived his right to a jury.

## I. PARTIES

7. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 7, and therefore, leave Plaintiff to his proof.

8. Defendants admit the allegations in Paragraph 8.

9. Defendants admit the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants admit that Bloomin' Brands Inc. is the parent corporation of the entities that operate Outback Steakhouse, Carrabba's Italian Grill, and Bonefish Grill. Defendants deny the remaining allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

## II. JURISDICTION AND VENUE

15. Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that the United States District Court, Middle District of Florida, Tampa Division has subject matter jurisdiction over this action.

16. Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that venue is proper in the United States District Court, Middle District of Florida, Tampa Division.

17. Paragraph 17 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 17.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

18. Defendants admit the allegations in Paragraph 18.

19. Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 19, and therefore, leave Plaintiff to his proof.

20. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 20, and therefore, leave Plaintiff to his proof.

21. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 21, and therefore, leave Plaintiff to his proof.

22. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 22, and therefore, leave Plaintiff to his proof.

## IV. STATEMENT OF FACTS

### A. Alleging that "Corey Millman's Job Performance Is Outstanding."[1]

23. Defendants deny the allegations in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24.

25. Defendants admit that Plaintiff was employed by OS Restaurant Services Inc. "at all times" and that Plaintiff paid a $10,000 investment deposit to participate in the managing partner program. Defendants deny the remaining allegations in Paragraph 25.

26. Defendants admit that Plaintiff was the Managing Partner of the Monroe, New York Outback restaurant. Defendants admit that Plaintiff transferred to the Wilton, Connecticut Outback restaurant in or around 2013. Defendants deny the remaining allegations in Paragraph 26.

27. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 27 and, therefore, deny the allegations in Paragraph 27 and leave Plaintiff to his proof.

28. Defendants deny the allegations in Paragraph 28.

---

[1] To the extent the subheadings in Plaintiff's "Statement of Facts" are meant to assert allegations against Defendants, they are all denied.

### B. Alleging that "Mr. Millman Contracts COVID-19 and Takes Protected Medical Leave."

29. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 29, and therefore, leave Plaintiff to his proof.

30. Defendants admit that Plaintiff requested and was granted time off due to a reported COVID-19 illness. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 30, and therefore, leave Plaintiff to his proof.

31. Defendants admit that in early May 2020, Plaintiff reported to Marc Barnes that he would be unable to return to work until May 16, 2020. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 31, and therefore, leave Plaintiff to his proof.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 33 as to Mr. Millman's thoughts, decision making process or choices and leave Plaintiff to his proof.

### C. Alleging that "Outback Terminates Mr. Millman for Pretextual Reasons."

34. Defendants lack knowledge sufficient to admit or deny whether Plaintiff "was finally feeling healthy enough to return to work," and therefore,

leave him to his proof.  Defendants admit the remaining allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants admit that its investigation revealed that Plaintiff manually adjusted time records to evade paying overtime to another employee. Defendants deny the remaining allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants admit that its investigation revealed that the security system for Plaintiff's restaurant was not fully operational and discussed this with Plaintiff.  Defendants deny the remaining allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants admit that OS Restaurant Services, Inc. terminated Plaintiff's employment on June 4, 2020.  Defendants deny the remaining allegations in Paragraph 42.

43. Defendants deny that Mr. Millman's termination "resulted in the forfeiture of part of his Outback proprietor buy-in."  Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 43, and therefore, leave Plaintiff to his proof.

## V. LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF:
### ALLEGING DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,
### 42 U.S.C. § 12112 – AS TO ALL DEFENDANTS

44. Defendants hereby incorporate their responses to Paragraphs 1-43 as if fully incorporated herein.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

### SECOND CLAIM FOR RELIEF:
### ALLEGING DISCRIMINATION,
### IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, CONN. GEN. STAT. § 46A-60(B)(1) – AS TO ALL DEFENDANTS

49. Defendants hereby incorporate their responses to Paragraphs 1-43 as if fully incorporated herein.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

# THIRD CLAIM FOR RELIEF:
## ALLEGING RETALIATION, IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT,
## 29 U.S.C. § 2615 – AS TO ALL DEFENDANTS

54. Defendants hereby incorporates their responses to Paragraphs 1-43 as if fully incorporated herein.

55. Defendants admit the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. **As a result, Mr. Millman suffered damages.** Defendants deny the allegations in Paragraph 57.

# FOURTH CLAIM FOR RELIEF:
## ALLEGING INTERFERENCE, IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT,
## 29 U.S.C. § 2615 – AS TO ALL DEFENDANTS

58. Defendants hereby incorporate their responses to Paragraphs 1-43 as if fully incorporated herein.

59. Defendants admit the allegations in Paragraph 59.

60. The allegations in Paragraph 60 state a legal conclusion for which no response is required.

61. The allegations in Paragraph 61 state a legal conclusion for which no response is required.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

## PRAYER FOR RELIEF

In response to the unnumbered paragraph following Paragraph 63 of the Complaint, Defendants deny that any violation of law occurred or that Plaintiff is entitled to any of the relief sought, including subparts (1) through (7).

## BY WAY OF AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

### FIRST DEFENSE

Without conceding Plaintiff has suffered any damages as a result of any purportedly wrongful acts of Defendants, which he did not, Plaintiff's claims for damages are barred or reduced by his failure to take reasonable steps to mitigate any alleged damages, including by using reasonable diligence to seek and obtain comparable employment.

### SECOND DEFENSE

All actions taken by Defendants with respect to Plaintiff's employment were undertaken in good faith and for legitimate business reasons unrelated to any rights secured to Plaintiff by any federal, state or local laws, rules, regulations, guidelines or common law. Further, Defendants made a good faith effort to enforce their anti-discrimination and anti-retaliation policies. Accordingly, Plaintiff is not entitled to an award of punitive damages.

### THIRD DEFENSE

Plaintiff's claims are subject to and/or barred by the doctrine of after-acquired evidence, which if know by Defendants, would have been grounds for terminating Plaintiff.

### FOURTH DEFENSE

Even if there is a finding that discrimination and/or retaliation occurred, Defendants are entitled to judgment because there was a legitimate non-discriminatory and/or non-retaliatory mixed-motive for the adverse employment action and, therefore, said action would have occurred absent any discrimination and/or retaliation.

### FIFTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted as a matter of fact and/or law.

### SIXTH DEFENSE

To the extent Defendants are found to have violated the FMLA, which Defendants expressly deny, Defendants submit that such violations were not willful. All actions Defendants took with respect to Plaintiff's FMLA leave were made in good faith and in reliance on statutory provisions in effect at the time of Plaintiff's FMLA leave and termination from employment thereby eliminating Plaintiff's right to recover liquidated damages.

## SEVENTH DEFENSE

If any employee of Defendants engaged in improper or illegal behaviors as alleged by Plaintiff, such conduct (which is denied) if it occurred, was outside the course and scope of the employee's employment, was not authorized, ratified, or condoned by Defendants, was undertaken without the knowledge or consent of Defendants, and was directly contrary to Defendants' good faith efforts to comply with all relevant employment laws. Thus, Defendants are not liable for such conduct if it occurred.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or part, and Plaintiff is precluded from seeking relief because Plaintiff waived, is estopped and/or has unclean hands due to his own conduct and cannot claim any right to damages or any relief against Defendants.

## NINTH DEFENSE

Defendants expressly deny that any act of alleged retaliation occurred, but even if such retaliation occurred, it was not the but-for cause for any action taken with regard to Plaintiff during his employment.

## TENTH DEFENSE

At all times pertinent herein, Plaintiff did not have a disability, was not perceived by Defendants as having a disability, and was not a qualified individual with a disability, and, therefore, he has no standing to initiate this action and no right to any relief.

* * * *

Because Plaintiff's Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendants respectfully request that this Honorable Court will: (i) enter judgment in their favor and against Plaintiff, (ii) award Defendants their costs of suit herein, (iii) award Defendants reasonable attorneys' fees as may be determined by the Court, and (iv) grant such other and further relief as this Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this 25th day of January, 2022.

        Respectfully submitted,

        JACKSON LEWIS P.C.
        390 North Orange Avenue, Suite 1285
        Orlando, Florida 32801
        Telephone: (407) 246-8440
        Facsimile: (407) 246-8441

        By: */s/ Amanda A. Simpson*
            Amanda A. Simpson
            Florida Bar No. 0072817
            amanda.simpson@jacksonlewis.com

        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of January, 2022, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and by U.S. Mail to: Joshua R. Goodbaum, Esquire, Garrison, Levin-Epstein, Fitzgerald & Pirrotti, P.C., 405 Orange Street, New Haven, CT 06511 (Jgoodbaum@garrisonlaw.com).

        */s/ Amanda A. Simpson*
        Amanda A. Simpson